IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENZHOUDUOLIANG INTERNATIONAL TRADE CO., LTD.; <br> WENZHOU DUOLIANG FOOD TECHNOLOGY CO., LTD.; <br> WENZHOU YUNQI TRADING CO., LTD.; <br> WENZHOU YUNCAI TRADING CO., LTD.; and <br> WENZHOU CHENLONG TRADING CO., LTD., <br><br>     Plaintiffs, <br><br> v. <br><br> COLGATE-PALMOLIVE COMPANY <br><br>     Defendants. | Case No: 25-8395 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Wenzhou Duoliang International Trade Co., Ltd. d/b/a cleaings, Wenzhou Duoliang Food Technology Co., Ltd. d/b/a Cleaings, Wenzhou Yunqi Trading Co., Ltd. d/b/a Yunqi Trading Co., Ltd., Wenzhou Yuncai Trading Co., Ltd. d/b/a Yuncai Trading Co., Ltd. and Wenzhou Chenlong Trading Co., Ltd. d/b/a cleaings official (collectively, "Plaintiffs") bring this action against Colgate-Palmolive Company ("Defendant"), and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity under the patent laws of the United States, 35 U.S.C. § 271 et seq. (and, as to invalidity, including §§ 101–103, 112), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

2. Plaintiffs bring this action to obtain declaratory relief in light of Defendant's

1

infringement accusations concerning U.S. Patent No. 8,734,042 ("the '042 Patent").

3. The parties sell products on Amazon.com. Defendant recently filed Amazon patent-infringement complaints against Plaintiffs, alleging that certain oral-care toothbrush products (the "Non-Infringing Products") infringe the '042 Patent. A true and correct copy of the '042 Patent is attached as Exhibit A.

4. On or about October 1, 2025, Plaintiffs received multiple Amazon notices reflecting Defendant's complaints, each based on the '042 Patent. True and correct copies of those complaints are attached as Exhibit B.

5. An actual, justiciable controversy exists between the parties regarding whether Plaintiffs, by the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Products, infringe any claim of the '042 Patent or otherwise violate Defendant's intellectual-property rights. Declaratory relief is therefore warranted under 28 U.S.C. § 2201.

6. An actual, justiciable controversy also exists regarding the validity of the '042 Patent. Plaintiffs seek a declaration that one or more claims of the '042 Patent are invalid under 35 U.S.C. §§ 101–103 and/or 112.

7. Defendant's assertions have caused and threaten ongoing business harm to Plaintiffs, including Amazon listing removals and disruption of sales. Declaratory relief will resolve the parties' dispute and allow Plaintiffs to continue lawful commerce without the cloud of infringement allegations.

## THE PARTIES

8. Plaintiff Wenzhou Duoliang International Trade Co., Ltd. is the registrant and

operator of the cleaings Amazon storefront through which it sells a variety of products, including oral-care toothbrush products. Products sold by this Plaintiff were designated by Amazon Standard Identification Numbers (ASINs) B0D1K22GLN, B0D6ZBGBPW, B0D1K2JPXF, B0D72CJTGC, B0D72WZ667, B0D2W67F73, B0D1K2D9KX, and B0DGV2X531 (the cleaings Products). These ASINs were removed by Amazon; the associated complaint IDs are 18576102921 and 18585751721.

9. Plaintiff Wenzhou Duoliang Food Technology Co., Ltd., is the registrant and operator of the Cleaings Amazon storefront through which it sells a variety of products, including oral-care toothbrush products. Products sold by this Plaintiff were designated by ASINs B0D3YH442R, B0D3YGZXM7, B0D3YF6RX2, B0D6LDL4QT, B0DBW2G29Q, B0DCNWJ8Z5, and B0FDKH8QXV (also Wenzhou Food Cleaings Products). These ASINs were removed by Amazon; the associated complaint IDs are 18576102921 and 18585751721.

10. Plaintiff Wenzhou Yunqi Trading Co., Ltd. is the registrant and operator of the Yunqi Trading Amazon storefront through which it sells a variety of products, including oral-care toothbrush products. Products sold by this Plaintiff were designated by ASINs B0D7LMVS1C, B0D6KWX2NW, and B0DGV128Y6 (the Yunqi Trading Products). These ASINs were removed by Amazon; the associated complaint IDs are 18576102921 and 18585751721.

11. Plaintiff Wenzhou Yuncai Trading Co., Ltd. is the registrant and operator of the Yuncai Trading Amazon storefront through which it sells a variety of products, including oral-care toothbrush products. Products sold by this Plaintiff were designated by ASINs B0D7HXSBNT and B0FGJMHFVK (the Yuncai Trading Products). These ASINs were

removed by Amazon; the associated complaint IDs are 18576102921 and 18585751721.

12. Plaintiff Wenzhou Chenlong Trading Co., Ltd. is the registrant and operator of the Cleaings Official Amazon storefront through which it sells a variety of products, including oral-care toothbrush products. Products sold by this Plaintiff were designated by ASINs B0F3XX2VHY, B0F2ZWZCK5, B0F2ZZNT1H, B0F2ZVK4YT, B0F3XXLLQ8, and B0F2ZZHG28 (the Wenzhou Chenlong Cleaings Products). These ASINs were removed by Amazon; the associated complaint ID is 18585751721.

13. Upon information and belief, Defendant Colgate-Palmolive Company is a New York corporation, with a principal place of business at 300 Park Ave, New York, NY 10022.

14. Upon information and belief, Defendant claims to own the '042 Patent by assignment.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the patent laws of the United States, and under 28 U.S.C. § 1338(a), which provides exclusive jurisdiction over actions relating to patents. Declaratory relief is sought under 28 U.S.C. §§ 2201–2202 to resolve an actual controversy concerning alleged infringement and the validity of the '042 Patent.

16. In the alternative, this Court also has jurisdiction under 28 U.S.C. § 1332(a)(2) because Plaintiffs are citizens or subjects of a foreign state with principal places of business in China, Defendant is a citizen of a State of the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has personal jurisdiction over Defendant Colgate-Palmolive Company because it resides in this District and conducts continuous and systematic business here, including maintaining its principal place of business at 300 Park Avenue, New York, New York 10022. Defendant is therefore subject to general jurisdiction in this District.

18. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)–(c) because Defendant resides in this District, and a substantial part of the events giving rise to this action, including Defendant's Amazon patent-infringement complaints and related enforcement communications affecting Plaintiffs' listings and sales, occurred in or were directed to this District.

## FACTUAL BACKGROUND

19. On May 27, 2014, the United States Patent and Trademark Office issue the '042 Patent.

20. On information and belief, Defendant is the assignee and owner of all right, title, and interest in and to the '042 Patent, including the rights to enforce, license, and sue for past and ongoing infringement.

21. On or about October 1, 2025, Defendant submitted patent-infringement complaints to Amazon identifying Plaintiffs' oral-care products. In response, Amazon removed the ASINs associated with those products and disabled sales through Plaintiffs' storefronts, which account for a significant portion of Plaintiffs' revenue.

22. Amazon has advised that, absent withdrawal of Defendant's complaints or a court order, the affected listings will not be reinstated. Plaintiffs therefore bring this action to obtain declaratory relief (non-infringement and invalidity) and to facilitate reinstatement of the Non-

Infringing Products identified by ASIN above.

23. Defendant's actions have caused—and, absent relief, will continue to cause—harm to Plaintiffs, including lost sales, loss of marketplace rank and position, and damage to goodwill and customer relationships.

24. Plaintiffs have at all times acted in good faith. Plaintiffs' Non-Infringing Products do not infringe any claim of the '042 Patent because no claim is met as none of the accused products practices all elements and limitations of any asserted claim, whether literally or under the doctrine of equivalents.

25. Plaintiffs have conducted a technical analysis of the accused products and the claims of the '042 Patent. That analysis confirms that no accused product practices each and every limitation of any asserted claim, either literally or under the doctrine of equivalents.

## JOINDER

26. Joinder of the Plaintiffs is proper under Fed. R. Civ. P. 20(a)(1). Each Plaintiff asserts claims for declaratory judgments of non-infringement and invalidity that arise out of the same series of transactions or occurrences, namely Defendant's Amazon patent-infringement complaints based on the '042 Patent.

27. Defendant's complaints uniformly invoke the same patent, advance similar legal and factual theories, and target comparable oral-care toothbrush products offered by Plaintiffs. These facts present common questions of law and fact, including the scope, validity, and alleged infringement of the '042 Patent.

28. Proceeding jointly will promote judicial economy, reduce duplicative discovery, and avoid inconsistent rulings about the same patent and materially similar products. The core

issues can be resolved more efficiently in a single action than in multiple parallel cases.

29. Joinder will not prejudice Defendant. Any product-specific distinctions can be managed through case-management tools, such as phased or targeted discovery, representative products, or tailored findings, without undermining the efficiencies of proceeding together.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. PATENT NO. 8,734,042)

30. Plaintiffs hereby incorporate by reference the allegations set forth in Paragraphs 1 through 29 as though fully restated herein.

31. Defendant contends that Plaintiffs' Non-Infringing Products infringe one or more claims of the '042 Patent. That contention lacks merit.

32. Plaintiffs seek a declaratory judgment and corresponding order that their Non-Infringing Products, including but not limited to ASINs B0D1K22GLN, B0D6ZBGBPW, B0D1K2JPXF, B0D72CJTGC, B0D72WZ667, B0D2W67F73, B0D1K2D9KX, B0DGV2X531, B0D3YH442R, B0D3YGZXM7, B0D3YF6RX2, B0D6LDL4QT, B0DBW2G29Q, B0DCNWJ8Z5, B0FDKH8QXV, B0D7LMVS1C, B0D6KWX2NW, B0DGV128Y6, B0D7HXSBNT, B0FGJMHFVK, B0F3XX2VHY, B0F2ZWZCK5, B0F2ZZNT1H, B0F2ZVK4YT, B0F3XXLLQ8, and B0F2ZZHG28, do not infringe any claim of the '042 Patent.

33. Plaintiffs aver that they do not infringe any valid and enforceable claim of the '042 Patent, whether directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, offer for sale, sale, or importation of the Non-Infringing Products.

34. Plaintiffs aver that Defendant cannot show that any accused product practices each and every element of any asserted claim of the '042 Patent. By way of example:

7

      a. The asserted claims require a heating-based activation mechanism, while Plaintiffs' products are designed to dissolve in water without applied heat, which is a material technological distinction.

      b. Plaintiffs' products rely on moisture exposure, whereas the patented invention is directed to heat-induced expansion. The different operating principles preclude literal infringement and infringement under the doctrine of equivalents.

      c. Plaintiffs' products do not include the thermally reactive material composition recited in the claims of the '042 Patent.

35. Plaintiffs aver that they have not manufactured, used, offered for sale, sold, or imported any product that infringes any valid and enforceable claim of the '042 Patent.

36. Plaintiffs aver that, by way of example and without limitation, Plaintiffs do not perform, alone or together with others, all steps of any method claim of the '042 Patent, which is required to establish direct infringement.

37. Plaintiffs aver that a present, genuine, and justiciable controversy exists between the parties regarding infringement of the '042 Patent. A declaration that Plaintiffs have not infringed any valid and enforceable claim, directly or indirectly, literally or under the doctrine of equivalents, is warranted.

38. Defendant's infringement allegations lack merit. Plaintiffs reserve the right to seek a finding that this case is exceptional under 35 U.S.C. § 285 and to request an award of reasonable attorneys' fees.

## COUNT II
## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '042 PATENT</u>

39. Plaintiffs hereby incorporates by reference the allegations set forth in Paragraphs 1 through 38 as though fully restated herein.

40. Plaintiffs aver that Defendant contends the claims of the '042 Patent are valid and enforceable and that Plaintiffs infringe by making, using, offering to sell, selling, and/or importing the accused products.

41. Plaintiffs aver that one or more claims of the '042 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and 112, and/or under the doctrine of non-statutory double patenting.

42. Plaintiffs aver that one or more claims of the '042 Patent are anticipated and/or obvious in view of prior art reflected in the public prosecution history and in other prior art that was not before the Patent Office during examination.

43. Plaintiffs aver that a present, genuine, and justiciable controversy exists regarding the validity of the '042 Patent, and they seek a declaration that one or more claims of the '042 Patent are invalid.

## <u>CONCLUSION</u>

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

a. A declaratory judgment that Plaintiffs do not infringe any claim of U.S. Patent No. 8,734,042 and that one or more claims of the '042 Patent are invalid;

b. A preliminary and permanent injunction enjoining Defendant, and its officers, agents, affiliates, and those acting in concert with them, from asserting the '042 Patent against Plaintiffs, and requiring Defendant to provide notice of such injunction to all enjoined parties;

c. An order directing Defendant to withdraw or rescind its Amazon patent-infringement complaints against Plaintiffs' ASINs and to notify Amazon that, consistent with the Court's judgment, Plaintiffs' listings may be reinstated;

d. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiffs' reasonable attorneys' fees and costs; and

e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury as to all issues so triable.

DATED: October 9, 2025

Respectfully Submitted,

/s/ Alexander Warden
Alexander Warden, Esq.
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
Attorney for Plaintiffs